IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. PETER TAGUE, DC : |  |
| : | C.A. NO. 07-4397 |
| On Behalf Of Himself And All : |  |
| Others Similarly Situated, : |  |
| : | CLASS ACTION |
| Plaintiff, : |  |
| : |  |
| v. : |  |
| : |  |
| DOCTOR'S ASSISTANCE CORPORATION. : |  |
| : |  |
| Defendant. : |  |

**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE, MOTION TO STRIKE ANSWER AND FOR ENTRY OF DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF INDIVIDUALLY AND AGAINST DEFENDANT**

Plaintiff T. Peter Tague, DC ("Plaintiff"), by and through his undersigned counsel, hereby moves the Court, pursuant to F..R.Civ.P. 41(a)(2), for entry of an Order dismissing the class action allegations asserted in the Complaint without prejudice. Plaintiff further moves the Court, pursuant to F.R.Civ.P. 37(b)(2)(A)(vi) and 37(c)(1)(C) and F..R.Civ.P. 55(b)(2), for entry of a default judgment against Doctor's Assistance Corporation ("Defendant") and in favor of Plaintiff Tague individually. As set forth below, Defendant has violated this Court's Order entered February 27, 2008, failed to provide discovery as required by the Federal Rules and failed to "otherwise defend." Pursuant to F.R.Civ.P. 37(b)(2)(C), Plaintiff also seeks an award of attorney's fees and expenses reasonably incurred as a result of Defendant's failure to obey this Court's Order, provide discovery and otherwise defend this action. In support of this Motion, Plaintiff avers as follows:

1

1.      On October 22, 2007, Plaintiff filed a putative class action against Defendant for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") for the sending of unsolicited facsimile advertisements.

2.      On November 19, 2007, Defendant, through counsel of record, filed an "Answer and New Matter" to the Complaint.

3.      On January 23, 2008, the Court held an initial case management conference.  During this conference, counsel for Defendant represented that his client intended to file bankruptcy and that such filing was imminent.

4.      On January 25, 2008, based upon the representation that Defendant intended to file for bankruptcy, this Court issued an Order staying all proceedings in the case for thirty (30) days, and scheduled a second conference call to discuss whether bankruptcy proceedings had, in fact, been initiated.

5.      A second conference call took place on February 27, 2008.  During this call, it was determined that Defendant had not initiated bankruptcy proceedings.  On February 27, 2008, this Court entered an Order lifting the stay, and ordered both parties to provide initial disclosures consistent with F.R.Civ.P. 26(a)(1) by March 11, 2008 and to complete fact-based discovery by July 11, 2008.

6.      On February 29, 2008, Plaintiff served his first set of interrogatories, document requests and requests for admission on both Defendant's counsel and Defendant's President, Jeff Ribera, by certified mail, return receipt requested, at the address provided Defendant's counsel during the conference call on February 27, 2008.  A true and correct copy of the discovery requests, certificate of service, cover letter and certified mail receipts and are attached hereto as Exhibit A.  Although Mr. Ribera did not

2

sign the return receipt, the USPS track and confirm results indicate that the discovery requests were delivered to Defendant's address in San Diego, CA on March 3, 2008.  *See* USPS Track and Confirm Receipt, Exhibit B hereto.

7. On March 4, 2008, Defendant's counsel filed a petition for leave to withdraw their appearance on behalf of Defendant.  The basis for this motion was:  (a) Defendant allegedly "went out of business" on December 31, 2007; (b) Counsel was directed to stop all work on Defendant's behalf; (c) no funds were available for further representation.  As further grounds, the petition avers that Defendant advises that its bankruptcy filing is "expected on or about May 1, 2008."  *See* Petition for Leave to Withdraw Appearance filed March 4, 2008 (Document 15).

8. By Order entered March 28, 2008, this Court granted the Petition for leave to withdraw.  To date, counsel has not filed a Notice of Withdrawal.

9. Pursuant to F.R.Civ.P. 33(b)(2), 34(b)(2)(A) and 36(a)(3), Defendant was required to serve answers and/or objections to Plaintiff's discovery within thirty days of service, and, allowing three (3) days for mailing, the answers and/or objections were due no later than April 3, 2008.

10. Defendant did not provide its Rule 26(a)(1) initial disclosures by March 11, 2008 as ordered by this Court and, to date, has not provided its Rule 26(a)(1) initial disclosures.

11. To date, Plaintiff has not received any responses or objections to any of his discovery requests, nor has Plaintiff been contacted by Defendant or anyone purporting to act on behalf of Defendant to request an extension of time within which to respond.

12. Prior to withdrawing as counsel, Defendant's counsel, Jeffrey A. Franklin, Esquire, represented to Plaintiff's counsel that Defendant did not have any insurance coverage potentially applicable to the claims asserted in this action.

13. In light of the apparent lack of insurance coverage for the claims asserted and the questionable financial viability of Defendant, Plaintiff believes that any potential class-wide judgment that might be obtained in this matter would be uncollectible. Therefore, pursuant to F.R.Civ.P. 41(a)(2), Plaintiff seeks the dismissal, without prejudice, of the class action allegations asserted in the complaint. Plaintiff wishes to proceed with his claims against Defendant for alleged violation of the TCPA in his individual capacity only.

14. Defendant is in direct and blatant violation of this Court's Order entered February 27, 2008, because it has not provided its Rule 26(a)(1) initial disclosure statement. In addition, Defendant has failed to provide answers or objections to duly served discovery requests as required by the Federal Rules.

15. F.R.Civ.P. 37(b)(2) authorizes this Court to enter appropriate sanctions if a party fails to obey an order to provide or permit discovery. One of the sanctions specifically authorized by the Rule is the "rendering of a default judgment against the disobedient party." *See* Rule 37(b)(2)(vi).

16. In addition, the failure to provide discovery or to comply with Court orders may also fairly be viewed as a failure to "otherwise defend", which justifies an entry of a default judgment under Fed.R.Civ.P. 55(b)(2).

17. Under the circumstances of this case, the sanction of a default judgment is warranted. Defendant has made a deliberate decision not to defend or participate in this

4

litigation, and has thwarted plaintiff's efforts to obtain discovery and otherwise adjudicate his claims. Any lesser sanctions are unlikely to achieve compliance with the Court's orders or lead to the expeditious adjudication of this matter on the merits.

18.     Upon entry of a default, the well pleaded factual allegations of the Complaint are deemed admitted, and the Court may grant relief for which a sufficient basis is asserted in the Complaint. *See, e.g.*, *Clarke v. Whitney,* 975 F. Supp. 754, 760 (E.D. Pa. 1997); *Duncan v. Lord,* 409 F. Supp. 687, 692 (E.D. Pa. 1976). Here, Plaintiff alleged that he received seven (7) unsolicited faxes, and asked the Court to award the full amount of statutory damages authorized under 47 U.S.C. § 227 (b)(3). Copies of the offending faxes were attached as Exhibit "A" to the Complaint. Accordingly, Plaintiff requests that the Court assess damages against Doctor's Assistance Corporation and in favor of Plaintiff in the amount of $10,500.00 (7 x $1,500.00), as authorized by the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(3).

19.     In addition, Plaintiff has incurred attorney's fees and expenses in preparing this motion for sanctions. Pursuant to F.R.Civ.P. 37(b)(2)(C), Plaintiff requests that the Court order Defendant to pay such expenses upon further application to this Court.

WHEREFORE, for the foregoing reasons and based on the authority set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Plaintiff respectfully requests that his motion be GRANTED, that the class action allegations be dismissed without prejudice, that a default judgment be entered against Defendant Doctor's Assistance Corporation and in favor of Plaintiff T. Peter Tague in the amount of $10,500.00, and that Defendant be ordered to pay Plaintiff's reasonable

attorney's fees and expenses incurred in preparing and filing this motion for sanctions upon further application to the Court.

Dated: April 7, 2008                              Respectfully submitted,

/s/ Ann M. Caldwell
Ann M. Caldwell/AMC1953
Pa. I.D. No. 42252
**CALDWELL LAW OFFICE LLC**
108 W. Willow Grove Ave., Suite 300
Philadelphia, PA 19118
(215) 248-2030
(215) 248-2031 (fax)

**Attorney for Plaintiff T. Peter Tague**