# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

T. PETER TAGUE, DC,

On behalf of himself and all others
similarly situated,

               Plaintiff,

  v.

DOCTOR'S ASSISTANCE CORP.,

               Defendant

CIVIL ACTION

No. 07-4397

## MEMORANDUM / ORDER

September 17, 2008

       Plaintiff Peter Tague has filed a motion for the entry of a default judgment against

defendant Doctor's Assistance Corporation as well as a motion to voluntarily dismiss

class action allegations without prejudice.  The court held a hearing on these motions on

August 7, 2008 and has since received a declaration by plaintiff's counsel regarding fees

and expenses.  The court is ready to enter judgment.

## I.    Factual background

       Tague alleged that defendant sent him seven unsolicited advertisements by

facsimile in violation of the Junk Fax Prevention Act, 47 U.S.C. § 227(b)(1)(C).  Tague

filed a complaint on October 22, 2007 on behalf of himself and others similarly situated.

1.

Counsel for Doctor's Assistance Corp. entered an appearance on behalf of defendant on November 15, 2007.  They timely filed an answer and "new matter" on November 19, 2007.[1]

The case proceeded to the discovery phase, but defendant did not make its mandatory disclosures and did not respond to plaintiff's discovery requests.  On January 23, 2008, on defendant's representation that it would soon file for bankruptcy relief, the court entered an order staying discovery for 30 days.  Defendant did not file for bankruptcy relief in that period, so the court lifted the stay on February 28, 2008.

The following week, defendant's counsel moved to withdraw as counsel, representing to the court that their client, which was effectively out of business, instructed them not to participate in discovery in contravention of the February 28 order, and further advised that no additional funds would be forthcoming.  The court held a hearing, and, based on defense counsel's representations, granted the motion.  The court invited defendant to send a representative to that hearing, but defendant did not respond.

Based on defendant's apparent unwillingness to participate in discovery, plaintiff moved to strike his class-action allegations voluntarily and proceed to default judgment on his individual claims.  The court reviewed this motion and held a hearing on the issues on August 7, 2008.

### III.    Discussion

---

[1] Apparently, "new matter" is a term used in the Pennsylvania courts as a synonym for "affirmative defenses."

A.    Diversity jurisdiction

The court must first establish that it has subject matter jurisdiction over this action.

The statute at issue here provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> . . .
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . .

47 U.S.C. § 227(b)(3).

This language presents two questions: (1) whether the courts of Pennsylvania would entertain this action, and (2) whether, even if they would, the language of 47 U.S.C. § 227(b)(3) forecloses federal jurisdiction.

Under the Pennsylvania Constitution and statutory law, Pennsylvania courts are courts of unlimited subject-matter jurisdiction, and thus have the authority to entertain these actions.  Specifically, the Pennsylvania Constitution provides that the courts of common pleas have "unlimited original jurisdiction in all cases except as may otherwise be provided by law."  Pa. Const. art. 5, sec. 5.  This grant of unlimited subject-matter jurisdiction is repeated at 42 Pa. Cons. Stat. Ann. § 931.[2]  These provisions of Pennsylvania law conform to the general understanding that state courts' subject-matter

---

[2] The text of that provision is "Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."

jurisdiction is plenary. *Cf. Nat'l Wildlife Fed. v. Cleveland Cliffs Iron Co.*, 684 N.W.2d 800, 812 (Mich. 2004) ("The state judicial power, as with the state legislative power, is plenary, requiring no affirmative grant of authority in the state Constitution.").

Because the courts of Pennsylvania possess the authority to adjudicate all causes of action (including federal causes of action), they have the authority to entertain causes of action based on 47 U.S.C. § 227(b)(3). No affirmative act of the Pennsylvania legislature is required.

As to the second question—whether 47 U.S.C. § 227(b)(3) forecloses diversity jurisdiction—the three courts of appeals that have considered the question have all concluded that it does not. *See U.S. Fax Law Ctr. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 338 (2d Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005). These courts start with the presumption that one federal statute should not be read to amend another federal statute by implication. Because nothing in 47 U.S.C. § 227(b)(3) expressly divests the federal courts of diversity jurisdiction, these courts conclude that Congress intended for diversity jurisdiction over § 227(b)(3) causes of action to endure. They further observe that Congress's primary reason for divesting the federal courts of federal-question jurisdiction over § 227(b)(3) claims was to prevent the federal courts from being clogged with small claims, a concern necessarily absent from diversity cases given the $75,000 minimum. This court will follow the persuasive lead of these opinions and properly

4.

assert subject matter jurisdiction over this matter.

B.    Dismissal of the class-action allegations

Plaintiff moves, under Fed. R. Civ. P. 41(a)(2), to dismiss his class-action

allegations voluntarily.  His reason for doing so is that he fears that a large, class-action

judgment would be uncollectible given defendant's apparently precarious financial

situation.

Rule 41(a)(2) provides, in relevant part, that "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court considers proper."  This rule

gives district courts broad discretion to determine whether, and on what terms, a plaintiff

should be allowed to dismiss his claims.[3]  *Pontenberg v. Boston Sci. Corp.*, 252 F.3d

1253, 1255-56 (11th Cir. 2001).  Motions for voluntary dismissal should generally be

granted unless doing so will cause a defendant substantial prejudice.  *Id.*  Here, plaintiff

has given a cogent reason for foregoing class certification, and it does not appear that

defendant will suffer any prejudice; indeed, given defendant's default, it likely is better

off not having this suit proceed to default judgment as a class action.

C.    Motion for default judgment

A party is in default when it "has failed to plead or otherwise defend" as provided

by the rules. Fed. R. Civ. P. 55(a).  Here, though defendant has not failed to plead, it has

---

[3] The language of Rule 41 speaks in terms of dismissing an "action," but it is generally
understood to confer on district courts the power to dismiss individual claims.  *See GF Gaming
Corp. v. City of Black Hawk*, 405 F.3d 876, 887-88 (10th Cir. 2005) (allowing the use of Rule
41(b)(2) to dismiss certain claims, rather than an entire action).

failed to make the disclosures required by Rule 26 (and further required by the court's order of February 28, 2008), and it has failed to respond to plaintiff's discovery requests as required by the rules. The Third Circuit has observed that a failure to engage in discovery qualifies as a failure to "otherwise defend" under Rule 55(a). *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992).

To determine whether default judgment is an appropriate remedy, this court should consider the six factors named in *Poulis v. State Farm Fire & Cas. Ins. Co.*, 747 F.2d 863 (3d Cir. 1984). *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 (3d Cir. 1990). Those factors are: (1) the extent of the party's personal responsibility for failure to defend, (2) the extent of any prejudice to the plaintiff from the failure to defend, (3) any history of dilatoriness on the part of the defendant, (4) whether the conduct was willful or in bad faith, (5) whether alternative sanctions are adequate, and (6) whether the underlying claims or defenses appear to have merit. *Poulis*, 747 F.2d at 868. The court will consider them in turn.

*The extent of the party's personal responsibility*. The only evidence in the court's possession—namely, defendant's prior counsel's representations—suggests that it is indeed defendant, not prior defense counsel, who decided not to engage in discovery.

*Prejudice to plaintiff*. This case does not involve mere tardiness; rather, it involves a complete disengagement from the obligation to participate in this lawsuit. Accordingly, default judgment appears to be plaintiff's only realistic means of obtaining relief, so

defendant's failure to defend is causing substantial prejudice.

*A history of dilatoriness*.  Defendant's history is against it here.  It has misinformed the court as to the imminence of a bankruptcy filing and has done nothing substantive since filing an answer seven months ago.  Moreover, it has apparently instructed counsel not to comply with the court's discovery orders.

*Whether the conduct of the party was willful or in bad faith*.  The court knows very little about defendant's motivations, but, as it has had notice of these proceedings, the court may presume that its failure to respond is willful.

*The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions*.  Defendant has proposed no alternative sanctions, and it is unclear what good any alternative would do in light of defendant's complete disengagement with its discovery obligations.

*The meritoriousness of the claim or defense*.  Because of defendant's failure to engage in discovery, the court has no means of evaluating whether its defenses are meritorious.

In sum, none of the *Poulis* factors seems to weigh against entering judgment by default.  It is thereby warranted.

D.    <u>Damages</u>

Plaintiff seeks statutory damages under 47 U.S.C. § 227(c)(5) as well as attorney's fees and expenses under Fed. R. Civ. P. 37.  The court will examine each in turn.

Plaintiff requests $10,500 in statutory damages, $1,500 per violation.  Under the statute, the court may award up to $500 in damages for each violation, and may award treble damages for each willful and knowing violation.  47 U.S.C. § 227(c)(5).

The award of statutory damages is a matter committed to the district court's discretion.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  While the complaint did not unequivocally allege willfulness here, plaintiff's filings did give the defendant notice that willfulness would be an issue in the case.  As importantly, at the August 7, 2008 default judgment hearing, plaintiff satisfied the court that defendant's conduct throughout this affair has been willful—right down to failing to defend or to attend any scheduled hearings for months.  Consequently, the court found adequate grounds for the full requested award of $10,500 in statutory damages.

Plaintiff also has requested attorney's fees and expenses in the amount of $9,008 for the filing of this motion in accordance with Fed. R. Civ. P. 37(b)(2).  Under Rule 37(b)(2), the court "shall" award attorneys' fees to a party that files a successful motion for sanctions against a party who fails to obey a discovery order.  Here, plaintiff rightfully will obtain a judgment by default, which, under Rule 37(b)(2)(C), entitles plaintiff to attorney's fees for filing the motion.  The court has reviewed the declaration of Ms. Caldwell, counsel for the plaintiff, accounting for $8,405 in fees and $603.66 in expenses for this matter.  The court finds that an award of attorney's fees and expenses is warranted here and that the declared total of $9,008.66 is appropriate.

8.

For the above reasons, the court will grant the plaintiff's two motions and enter a default judgment in his favor as well as awarding damages.

## IV.   <u>Conclusion</u>

AND NOW, for the reasons stated above, it is hereby ORDERED that:

1.   Plaintiff's motion for voluntary dismissal of class action allegations is GRANTED WITHOUT PREJUDICE.

2.   Plaintiff's motion for default judgment is GRANTED.

3.   JUDGMENT is hereby ENTERED against defendant Doctor's Assistance Corp. in the amount of $10,500 in statutory damages under 47 U.S.C. § 227(c)(5) and in the amount of $9,008.66 in attorney's fees and expenses under Fed. R. Civ. P. 37(b)(2)(C).

BY THE COURT:

<u>/s/ Louis H. Pollak</u>
Pollak, J.